IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANE HAUSCHILD,

        Plaintiff,

  vs.

NATIONAL FINANCIAL SYSTEMS, INC.,

        Defendant.

No. CIV S- 09-0104 FCD GGH

ORDER

_____/

        Plaintiff's application for entry of default judgment against defendant National Financial Systems, Inc., filed April 20, 2009, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order.

BACKGROUND

        On January 13, 2009, plaintiff filed the underlying complaint in this action against defendant, alleging defendant violated the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692) and the California Rosenthal Act (Cal. Civ. Code § 1788). The summons and complaint were served on February 2, 2009, by U.S. Mail pursuant to state law. Cal. Code Civ. Proc. §§ 416.10, 415.40, Fed. R. Civ. P. 4(h)(1) (Affidavit, filed February 14, 2009). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default

judgment void without personal jurisdiction). Defendant has failed to file an answer or otherwise appear in this action. On March 10, 2009, the clerk entered default against defendant National Financial Systems, Inc.

The instant motion for default judgment and supporting papers were served by mail on defendant at its last known address. Defendant failed to file an opposition to the motion for entry of default judgment. Plaintiff seeks an entry of default judgment for declaratory and injunctive relief, actual damages, statutory damages, and costs and attorneys' fees, all in an unspecified amount.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested, other than the fact that there is no request for a sum certain or specific injunctive relief. Otherwise, there are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Courts generally disfavor default judgments, however, especially those involving large sums. See In Re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993);10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2681. "The general rule of law is that upon default factual allegations of the complaint, *except those relating to amount of damages*, will be taken as true." Geddes, 559 F.2d at 560 (citing Fed. R. Civ. P. Rules 8(d), 55(b)) (emphasis added); see also Fair Housing of Marin v. Combs, 285 F.3d 899 (9th Cir.2002) (same).

\\\\\

Granting or denying default judgment is discretionary. See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir.1986). Several factors may be relevant. See Eitel, 782 F.2d at 1471-72 (9th Cir.1986).[1]

"A judgment by default may not be entered without a hearing on damages unless ... the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement, 722 F.2d at 1323 (citing Geddes); Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir.1981) (no hearing necessary when documents show judgment amount based on a definite figure); see also Fed. R. Civ. P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment). A hearing on the issue of damages is not required as long as the court finds there is a basis for the damages specified. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Affidavits or other documentary evidence is sufficient to evaluate the fairness of the amount requested. Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993).

A. Declaratory and Injunctive Relief

Plaintiff states only that he seeks "[d]eclaratory and injunctive relief and judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the Defendant's violations of the California FDCPA." Mot. at ¶ 10. Although the court can declare that defendant's conduct violated the FDCPA, a judgment against defendant will necessarily have the same effect. Plaintiff does not specify how he wants defendant enjoined. Therefore his motion cannot be granted at this time. In a renewed motion, plaintiff will need to specify the injunctive relief he seeks, and it must be supportable by the statutes underpinning his motion.

\\\\\

\\\\\

---

[1] Factors include: (1) possible prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the complaint's sufficiency; (4) the sum at stake; (5) possible disputes about material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

B. Damages

Plaintiff does not specify the amount of statutory or actual damages sought.

1. FDCPA

The FDCPA provides for damages of up to $1,000, and provides for factors to be considered by the court, including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(a)(2)(A); (b)(1).

Statutory damages are limited to $1,000 per action. Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1178 (9th Cir. 2006) (limiting statutory damages to "one set of circumstances"); Nelson v. Equifax Information Services, LLC, 522 F. Supp.2d 1222 (C.D. Cal. 2007) (limiting statutory damages to "$1,000 per lawsuit, not $1,000 per violation"). The statute itself provides that "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 ..." 15 U.S.C. § 1692k(a)(2)(A).

2. Rosenthal Act

California's Rosenthal Act provides in part:

> b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

Unlike the FDCPA, the California Act provides that "any debt collector" shall be liable for up to $1,000.

3. Actual Damages

Section 1692k(a)(1) also provides for actual damages. "Actual damages" are not defined in the FDCPA. Not only has plaintiff not requested a specific amount of actual damages, he has not submitted a declaration or any other evidence in support of his request for actual damages.

4

When plaintiff renews his motion, he must set forth the amounts of statutory and actual damages he seeks, and provide evidence and authority in support of his request.

C. <u>Attorneys' Fees and Costs</u>

Plaintiff seeks attorneys' fees and costs incurred in the instant action but has not specified an amount and has submitted no evidence in support. Attorneys' fees are to be awarded to a prevailing plaintiff under both the FDCPA and the Rosenthal Act. 15 U.S.C. 1692k(a)(3); Cal. Civil Code 1788.30(c). In particular, under the FDCPA, some courts have ruled that an attorney fee award is mandatory in such cases. <u>See</u>, e.g. <u>Zagorski v. Midwest Billing Services, Inc.</u>, 128 F.3d 1164 (7th Cir.1997). First, the court calculates the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S.Ct.1933 (1983). Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the <u>Kerr</u> factors that are not already subsumed in the initial lodestar calculation. <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d 1115 (9th Cir. 2000); <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir.1975). "A court is justified in relying on a requesting counsel's recently awarded fees when setting that counsel's reasonable hourly rate." <u>Abad v. Williams, Cohen & Gray, Inc.</u>, 2007 WL 1839914, *4 (N.D. Cal. 2007), *citing* <u>Widrig v. Apfel</u>, 140 F.3d 1207, 1210 (9th Cir.1998).

Section 1692k(a)(3) also provides for recovery of "costs of the action." "Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees." <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986).

When plaintiff renews his motion, he must submit a declaration in support of his requested fees and costs in accordance with the aforementioned authority.

<u>CONCLUSION</u>

Accordingly, IT IS ORDERED that plaintiff's application for entry of default judgment, filed April 20, 2009, is denied without prejudice to its renewal on a showing of

evidentiary support and legal authority for specified amounts of statutory and actual damages, fees and costs, and a specific and narrowly tailored request for injunctive relief.

DATED: 05/29/09

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:076/Hauschild0104.def.wpd