IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANE HAUSCHILD,

        No. CIV S- 09-0104 FCD GGH

    Plaintiff,

vs.

NATIONAL FINANCIAL SYSTEMS, INC.,    FINDINGS AND RECOMMENDATIONS

    Defendant.
_____/

        On May 29, 2009, this court denied plaintiff's application for entry of default judgment without prejudice, based on a lack of evidentiary support and legal authority in regard to requests for damages and attorneys' fees and costs. Plaintiff has now filed a renewed request for default judgment against defendant National Financial Systems, Inc. which has been submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order.

BACKGROUND

        On January 13, 2009, plaintiff filed the underlying complaint in this action against defendant, alleging defendant violated the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692) and the California Rosenthal Act (Cal. Civ. Code § 1788). The summons and complaint were served on February 2, 2009, by U.S. Mail pursuant to state law. Cal. Code Civ.

1

Proc. §§ 416.10, 415.40, Fed. R. Civ. P. 4(h)(1) (Affidavit, filed February 14, 2009).  <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has failed to file an answer or otherwise appear in this action.  On March 10, 2009, the clerk entered default against defendant National Financial Systems, Inc.

In his second amended motion, plaintiff now seeks an entry of default judgment for statutory damages only in the amount of $2,000.[1]

<u>DISCUSSION</u>

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the second amended motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

B. <u>Damages</u>

Plaintiff seeks $1,000 in damages under the FDCPA and $1,000 in damages under the Rosenthal Act.

1. <u>FDCPA</u>

The FDCPA provides for damages of up to $1,000, and provides for factors to be considered by the court, including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(a)(2)(A); (b)(1).

---

[1] Plaintiff also had originally sought declaratory and injunctive relief, actual damages, and costs and attorneys' fees, but has withdrawn these other requests.

Statutory damages are limited to $1,000 per action.  <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F.3d 1162, 1178 (9th Cir. 2006) (limiting statutory damages to "one set of circumstances"); <u>Nelson v. Equifax Information Services, LLC</u>, 522 F. Supp.2d 1222 (C.D. Cal. 2007) (limiting statutory damages to "$1,000 per lawsuit, not $1,000 per violation").  The statute itself provides that "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 ..." 15 U.S.C. § 1692k(a)(2)(A).

Plaintiff's request for $1,000 in statutory damages under the FDCPA is supported by the allegations of plaintiff's complaint and should be awarded.

2.  <u>Rosenthal Act</u>

California's Rosenthal Act provides in part:

> b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

Unlike the FDCPA, the California Act provides that "any debt collector" shall be liable for up to $1,000.  Plaintiff's requested amount of $1,000 is supported by the complaint also.

CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's second amended application for entry of default judgment, filed August 25, 2009, be granted; and

2. Judgment should be rendered in the amount of $2,000.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: 10/09/09

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:076/Hauschild0104.def2.wpd